UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:  MILLA PEDIATRICS & ASSOCIATES, INC.,      Case No.: 08-bk-05656-PMG

Chapter 11

Debtor.

_____/

Dated: July 13, 2009

## PLAN OF REORGANIZATION

MILLA PEDIATRICS & ASSOCIATES, INC., the Debtor herein, proposes the

following Plan of Reorganization.

### DEFINITIONS

1. "Debtor" shall mean MILLA PEDIATRICS & ASSOCIATES, INC.

2. "Creditors" shall mean all creditors of the Debtor holding claims for unsecured

debts, liabilities, demands or claims of any character whatsoever.

3. "Secured Creditors" shall mean all creditors who hold a lien, security interest, or

other encumbrance which has been properly perfected as required by law with respect to

property owned by the Debtor.

4. "Plan" shall mean this Plan of Reorganization in its present form or as it may be

amended or supplemented.

5. "Court" shall mean the United States Bankruptcy Court for the Middle District

of Florida, Jacksonville Division, including the United States Bankruptcy Judge presiding

in the Chapter 11 case of the Debtor.

6. "Claim" shall mean a duly listed or timely filed claim which is allowed and

ordered paid by the Court.

7. "Effective Date" shall be that date on which the order confirming the Plan

1

becomes final and non-appealable.

8. "Secured claim" shall mean the claim of a creditor secured by a lien on property in which the estate has an interest equal to either the value of such creditor's interest in the estate's interest in such property, or the total payoff owed to such creditor as of the effective date of the plan, whichever is smaller.

## ARTICLE I

### CLASSIFICATION OF CLAIMS

1.1 <u>Class 1</u> - <u>Administrative claims</u> - Costs and expenses of administration as defined in the Bankruptcy Code for which application for or allowance of the claim is filed prior to the effective date, as the same are allowed, approved and ordered paid by the Court.

1.2 <u>Class 2</u> - <u>Prepetition priority claims</u> - Claims entitled to priority by §507(a) of the Bankruptcy Code, as the same are allowed, approved and ordered paid by the Court.

1.3 <u>Class 3</u> - Secured creditors as their claims existed on the date of the petition in this case, as finally allowed and ordered paid by the Court, up to the extent that such claims are not greater than the value of the Debtor's assets, which the Court finds are valid security for such claims.

1.4 <u>Class 4</u> - Claims of all unsecured creditors of the Debtor excluding those in classes 1-3, who timely file a proof of claim by the claims deadline, as the same are allowed and ordered paid by the Court including, but not limited to, creditors whose claims may arise out of the rejection of executory contracts and secured creditors to the extent that the Court finds the same unsecured in whole or in part, or secured creditors who otherwise elect to participate in whole or in part as Class 4 creditors.

## ARTICLE II

### CLAIMS NOT IMPAIRED UNDER THE PLAN

2.1  Class 1 - Administrative Claims - At the time of the filing of the debtor's Chapter 11 plan, the debtor was paying its postpetition obligations on a current basis. The debtor does not anticipate any administrative claims at the time of confirmation.

As for U.S. Trustee quarterly fees, notwithstanding any other provisions of the plan to the contrary, the Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6), within ten (10) days of the entry of the order confirming this plan, for pre-confirmation periods and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period. The Debtor, as a reorganized debtor, shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. §1930(a)(6), based upon all post-confirmation disbursements made by the reorganized debtor, until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, or upon the entry of an order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code, and the reorganized debtor shall provide to the United States Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicating all the cash disbursements for the relevant period.

As for professional fees, prior to the filing of the petition, the debtor paid its bankruptcy attorneys, Ruff & Cohen, P.A., a $20,000.00 retainer. At the time of the filing of the plan, the debtor still had a credit with its attorneys of approximately $8,000.00. The debtor does not anticipate owing any additional attorney's fees beyond the retainer.

The treatment for United States Trustee quarterly fees is outlined in detail above. Any other administrative claims, including professional fees, which are allowed by the bankruptcy court will be paid in full by the effective date of the plan.

2.2  Class 2 - Prepetition Priority Claims - The debtor owes no unsecured priority claims.

## ARTICLE III

## CLAIMS IMPAIRED UNDER THE PLAN

3.1  Class 3 - Campus USA Credit Union - This creditor has filed claims #1 and #7 in the amount of $527,433.77. One of these claims is a duplicate and will be withdrawn. This claim is secured by a first mortgage on the debtor's office building and land located in Lake City, Florida. The debtor entered into an adequate protection agreement with this creditor which provides for monthly payments of $5,374.00. During the pendency of the case, this creditor modified the loan documents to provide for accrued taxes and any other arrearages to be rolled into the loan amount and to provide for an additional escrow payment to be made for future taxes. The payments are now $5,705.84. The debtor will continue with these payments following confirmation. The interest rate contained in the original note shall remain in effect following confirmation as will all other terms of the modified note and mortgage. Confirmation of the plan will result in formal approval of the postpetition modification. There will be a ten day grace period as to each payment. This creditor shall retain its lien on the subject collateral until its secured claim is paid in full.

3.2  Class 4 - Unsecured Creditors - The debtor originally scheduled a total of $516,465.15 in unsecured claims. Various adjustments to this total have been made based on proofs of claim that have been filed and anticipated objections to claims based on duplication. When these adjustments are made, there is an adjusted total of $522,203.50 in unsecured claims. A list of the creditors which comprise this total is attached hereto as "Exhibit 1." This total may change if claims are objected to and disallowed. The debtor will have thirty days following the effective date of the plan within which to object to claims.

The amount owed to the debtor's shareholder, Dr. Milla, is not included in "Exhibit 1" as Dr. Milla has agreed to subordinate his claim to those of other allowed, unsecured

claims. It should also be noted that the total amount to Medicaid now ($32,000.00) is less than what was originally scheduled ($62,592.85). This is because Medicaid had the right to recoup its prepetition losses against prepetition claims which were paid postpetition. The remaining balance is what is owed now that almost all prepetition claims have been paid.

The debtor will pay a total of $102,000.00 to timely filed, allowed unsecured claims over five years, with no interest, for quarterly payments of $5,100.00. The first payment will be due ninety days following the effective date of the plan and there will be a ten day grace period as to each such payment. All payments to unsecured creditors will be made on a pro rata basis.

3.3  Class 5 - Equity - Dr. Paulino Milla is the debtor's shareholder. Dr. Milla will retain his stock in the debtor following confirmation.

## ARTICLE IV

### MEANS FOR EXECUTION OF THE PLAN

4.1    In order to provide adequate means for the Plan's execution, the Debtor proposes:

(a)  Retention by the Debtor of all property of the estate.

(b)  Curing or waiving of any defaults.

(c)  Extension of the maturity date or change in the interest rate or other term of outstanding securities including satisfaction or modification of any lien or mortgage.

(d)  Sale of all or any part of the property of the estate either subject to or free of any lien, or the distribution of all or any part of the property of the estate among those having an interest in such property of the estate.

(e)  All creditors holding liens against property of the estate will retain those liens except as otherwise provided herein.

4.2    All claims and causes of action in favor of the Debtor are hereby reserved and retained to be prosecuted before and after confirmation and the Debtors expressly

reserves any rights and powers that the Debtor may enjoy as the Debtors-In-Possession to be utilized after confirmation.

4.3    (a)  Pursuant to 11 U.S.C. §1141(a), all of the provisions of this Plan, if confirmed by the Bankruptcy Court, will bind all creditors of the Debtor, whether or not the claim or interest of such creditor is impaired under this Plan and whether or not such creditor has accepted this Plan.

(b)    Confirmation of this Plan shall vest all of the property of the estate in the Debtor.

(c)  Except as otherwise provided in this Plan or in the order confirming this Plan, after confirmation of this Plan, the property dealt with by this Plan shall be free and clear of all claim and interests of creditors, whether such claims are in the nature of consensual liens or involuntary liens, including judgment liens.

(d)    Pursuant to 11 U.S.C. §1141(d)(1), the confirmation of this Plan shall discharge the Debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in Section 502(g), 502(h), or 502(i), of Title 11 whether or not a proof of claim based on such debt is filed or deemed filed under §501 of Title 11, including any interest or penalties that would otherwise accrue on non-dischargeable IRS indebtedness against the Debtor outside of the estate during the pendency of the case and prior to confirmation; such claim is allowed under §502 of Title 11; or the holder of such claim has accepted the Plan.

## ARTICLE V

### EXECUTORY CONTRACTS

The debtor was a party to various executory contracts at the time of the filing of the petition including leases of non-residential real property.  A list of all of the leases in existence at the time of the petition are contained on Schedule G previously filed in this case.  A copy of Schedule G is attached as "Exhibit 2."  The debtor intends to reject each of these leases and contracts.  The leases of non-residential real property have already been

rejected by operation of law. Confirmation of the debtor's plan will operate as formal rejection of all of those contracts which have not expired pursuant to their own terms as of the effective date of the plan.

Dated: 7/13/09

MILLA PEDIATRICS & ASSOCIATES, INC.

_Paulino Milla-Orellana_

Paulino Milla-Orellana, President


RUFF & COHEN, P.A.
4010 Newberry Road, Suite G
Gainesville, Florida 32607
(352) 376-3601
Attorneys for Debtor

By: _Lisa C. Cohen_

Lisa C. Cohen
Florida Bar No. 558291

7

## Exhibit 1

Alltel Communications..............................................1,285.52
Anda Generics, Inc...............................................19,827.14
Automated Medical Systems.......................................7,984.48
Bank of America..................................................4,414.35
Blue Medical.....................................................1,883.21
Capital City Bank...............................................80,396.25
Capital One......................................................7,273.32
CDR Communications................................................424.90
Citi Platinum...................................................13,635.00
Craig Salley & Associates........................................1,370.00
Gainesville Sun...................................................624.20
GlaxoSmithKline Pharmaceuticals..................................7,119.60
HCA (No. Fla. Regional Medical Center)..........................191,701.78
JAC-PAC Distributors.............................................1,165.63
Medicaid........................................................35,234.00
Medical & Surgical Affiliates, Inc...............................9,221.08
Merck & Co......................................................35,670.95
Moore Medical...................................................12,317.23
Muzak OA (Gainesville office account)..............................103.22
Muzak OA (Lake City office account)................................80.73
National Call Centers & Logistics................................3,333.87
Office Depot.....................................................1,920.64
RBC.............................................................49,900.00
Sam's Club.......................................................4,029.69
Shell Fleet.......................................................1369.93
Staples (Citibank, SD)...........................................1,352.54
Stericycle, Inc. (Gainesville acct)................................234.01
Stericycle, Inc. (Lake City acct).................................100.00
Strategic Business Forms, Inc....................................3,680.03
Sun Surgical....................................................14,793.42
Wyeth Pharmaceuticals............................................9,412.80
Zeno Office Solutions.............................................343.98

Total.......................................................$522,203.50

B6G (Official Form 6G) (12/07)

In re  Milla Pediatrics & Associates, Inc. _____    Case No. _____
                       Debtor                                           (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| HCA<br>P.O. Box 281149<br>Atlanta, GA 30384-1149 | lease of office space at $11,342.67/mo. plus CAM charges<br><br>Lease on nonresidential real property |
| Gainesville Medical Arts<br>6717 NW 11th Place, Ste. A<br>Gainesville, FL 32605 | Lease of office space in Gainesville, FL<br><br>Lease on nonresidential real property |
| Muzak OA<br>3318 Lake Mont Blvd.<br>Fort Mill, SC 29708 | contract to supply music to office in Gainesville, FL at $108.38/mo. |
| Muzak OA<br>3318 Lake Mont Blvd.<br>Fort Mill, SC 29708 | contract to supply music to office in Lake City, FL at $78.38/mo. |
| Stericycle, Inc.<br>P.O. Box 9001590<br>Louisville, KY 40290-1590 | contract for biohazard removal at Gainesville office |
| Stericycle, Inc.<br>P.O. Box 9001590<br>Louisville, KY 40290-1590 | contract for biohazard removal at Lake City office |
| Emergency Systems, Inc.<br>3027 Plymouth St.<br>Jacksonville, FL 32205-6023 | alarm system Lake City office |

Exhibit 2

Bankruptcy2008 ©1991-2008, New Hope Software, Inc., ver. 4.4.2-720 - 31107 - Adobe PDF

B 6G (Official Form 6G) (12/07) -- Cont.

In re Milla Pediatrics & Associates, Inc.                    Case No. _____
              Debtor                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Page)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Emergency Systems, Inc.<br>3027 Plymouth St.<br>Jacksonville, FL 32205-6023 | alarm system Gainesville office |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Bankruptcy2008 ©1991-2008, New Hope Software, Inc., ver. 4.4.2-720 - 31107 - Adobe PDF